**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **NATHAN R. DANIELS,** | § | |
| **TDCJ No. 02068825,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00173-O-BP** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed November 30, 2018 by Petitioner Nathan R. Daniels ("Petitioner") pursuant to 28 U.S.C. § 2254; the Administrative Record, ECF No. 17, filed March 18, 2019; and Respondent's Response to Petitioner's petition, ECF No. 18, filed April 4, 2019. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

## I. BACKGROUND

Petitioner is a prisoner confined in the Eastham Unit of the Texas Department of Criminal Justice ("TDCJ") in Lovelady, Texas. ECF No. 1 at 1. He challenges the validity of his Young County conviction for burglary. *Id.* at 2. Pursuant to a plea agreement, Petitioner pleaded guilty and was sentenced to thirteen years in prison on May 6, 2016. ECF 17-2 at 4-6. Petitioner waived his right of appeal as part of this plea agreement. *Id.* at 4. Consequently, he could appeal only under limited circumstances. *See* Tex. R. App. Proc. 25.2(a)(2). Although Petitioner claims he filed a direct appeal that subsequently was "denied," the record shows otherwise. ECF No. 1 at 3;

ECF 17-2. Petitioner did not file a direct appeal. He did file an application for writ of habeas corpus on November 18, 2016 in the Texas Court of Criminal Appeals ("TCCA"), which was denied without written order on March 8, 2017. *Id.* at 24; ECF 17-1. On November 30, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus. ECF No. 1.

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A. Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the day sentence is imposed to file a timely notice of appeal. Tex. R. App. P. 26.2(a). His conviction becomes final if he does not file timely notice within that period, and the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply. If the defendant files a timely direct appeal and the appellate court affirms, then he has thirty days after the affirming court's judgment to file a petition for discretionary review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant files a timely PDR and the TCCA affirms, he has ninety days to file a petition for writ of certiorari with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. Once this ninety-day period has ended, the defendant's conviction becomes final. 28 U.S.C. § 2244(d); U.S. Sup. Ct. R. 13(1). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Additionally, "a pro se prisoner's habeas petition is considered filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Petitioner was sentenced on May 6, 2016 and did not file a direct appeal within thirty days. Therefore, his conviction became final on June 6, 2016, thirty days after sentencing, when his time in which to appeal expired. Consequently, AEDPA's one-year limitation period ended one year later on June 6, 2017. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant

here. However, AEDPA also provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Because Petitioner filed a state application for writ of habeas corpus on November 18, 2016 and the TCCA denied this application without order on March 8, 2017, the federal limitations period was tolled for 110 days. Accordingly, Petitioner's deadline for filing the instant petition was extended to September 25, 2017. Nevertheless, Petitioner did not file until November 21, 2018, which is over a year late.

**B. Petitioner is Not Entitled to Equitable Tolling**

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Id.* at 606 (quoting *Williams v. Thaler*, 400 Fed. Appx. 886, 890–91 (5th Cir. 2010)). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,

96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not allege facts to establish any entitlement to equitable tolling. He did not file his state habeas petition for over six after his conviction became final and took more than a year to file the instant federal petition following the denial of his state application. Further, regarding the untimeliness of the petition, he only states that he has not "been able to get [his] lawsuit into court yet." ECF No. 1 at 9. Therefore, Petitioner has not sufficiently established that he acted with reasonable diligence in pursuing his claims or that extraordinary circumstances prevented him from timely filing. Consequently, Petitioner does not show any entitlement to equitable tolling.

## III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **September 30, 2019**.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE